UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:19-cr-00488 |
| | § | |
| MARIBEL SANTANA – CERANO | § | |

### OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **MARIBEL SANTANA – CERANO,** Defendant, through counsel, JOSHUA R. WILLOUGHBY and files these objections to her Pre – Sentence Report ("PSR") pursuant to F.R.Cr. P. U.S.S.G. 6A1.1 and 18 U.S.C. §3553 (a) and shows:

### I.

### OBJECTION NUMBER ONE

### U.S.S.G §2k2.1(b)(5)

Defendant respectfully objects to the application of PSR. p.14, para 67 specific offense characteristic that she engaged in the trafficking of firearms and its four point base offense level increase, and in support thereof shows:

(1) Defendant did not have knowledge that the weapons would be disposed of illegally or used illegally or sold to illegal persons. See United States v. Moody, 915 F.3d 425 (7th Cir. 2019).

(2) The application of U.S.S.G §2k2.1(b)(5) [trafficking] and U.S.S.G §2k2.1(b)(6)(A) in PSR p.15, para 68 results in impermissible double counting and is prohibited by App. N. 13(d). Both sections involve the same underlying conduct, that is, possession is trafficking and vice versa. See United States v.

1

Velasquez, 825 F.3d 257, (5th Cir. 2016).

## II.

## OBJECTION NUMBER TWO

### U.S.S.G §2k2.1(b)(6)(A)

Defendant respectfully objects to the application of U.S.S.G §2k2.1(b)(6)(A) in PSR. p.14, para 68, and in support thereof shows:

(1) No evidentiary basis exists to support defendant knew the guns would be exported outside the United States. See United States v. Asante, 782 F.3d 639, 647-48, (11TH Cir. 2015).

(2) Double Counting. See objection Number One.

## III.

## OBJECTION NUMBER THREE

Defendant respectfully objects the application of an Aggravated Role Adjustment pursuant to U.S.S.G §3E1.1(a) and argues:

(1) More than one participant was involved in this offense.

(2) Under the totality of the circumstances and factual predicate defendant was an average participant who was directed by other participants on this offense and did not understand the scope and structure of the criminal activity; did not participate in the planning or organizing of the activity to a great extent; exercised little decision making authority or influence in the criminal activity; did not benefit greatly from her actions. She exercised minimal authority to direct others.

(3) Defendant respectfully requests a reduction based on her role as an average participant.

## IV.

## **OBJECTION NUMBER FOUR**

### (Relevant Conduct)

Defendant respectfully objects to the application of U.S.S.G §2K2.1(b)(1)(C) in PSR. p.14, para 66 specific offense characteristic and its six point base offense level increase, and in support thereof shows:

(1) The United States Probation Officer assessed **MARIBEL SANTANA – CERANO** relevant conduct at a total of 82 firearms. The United States Probation Officers makes this conclusion based on information gathered from interviews conducted by FBI Agents of Araceli Santana, Carlos Joel Hernandez, and Jonny Antonio Talavera that they had purchased firearms for Maribel Santana – Cerano. However, these individuals' declarations cannot be trusted for a number of reasons:

(2) All three listed individuals are co-defendants in this case.

(3) All three individuals are attempting to work a deal to lessen their culpability and sentencing.

(4) Therefore, the United States Probation Officers assessment for relevant conduct is based on unreliable facts, information, and is merely a speculative as to the number of guns and who they were directed by and for whom they were purchasing the guns.

(5) Furthermore, of the 34 guns found in Maribel Santana – Cerano's possession in p. 4, 5, par. 10, 11; 12 of the guns were traced back and attributed to Jonny Antonio Talavera. p. 9, par. 32.

(6) In addition, based on Defendant's plea agreement to the Court, Defendant respectfully asserts that Relevant Conduct is based on 1 firearm. p.14, par. 65. We respectfully request the government to come forward with not speculative, but actual, specific proof to support the relevant conduct findings.

V.

**OBJECTION NUMBER FIVE**

**(Booker Variance)**

Defendant respectfully objects and request a variance. This request is made pursuant to 18 U.S.C § 3553(a) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 750-56, 160 L.Ed. 2d 621 (2005) and in support shows that the sentence requested in the PSR is greater than reasonably necessary to achieve the goals set forth in 18 U.S.C §3553(a), and in consideration of this request Defendant states the following:

(1) Defendant is assessed a base offense level fourteen additional points based on specific offense characteristics for the same underlying conduct.

(2) The sentence is grossly disproportionate to the crime and conduct engaged in by defendant.

(3) Maribel Santana – Cerano is a single mother who had been struggling financially to take care of herself and her two daughters.

(4) Maribel Santana – Cerano is the mother of three children including, Valeria a 13-year-old daughter that has an enlarged liver condition that requires constant attention and hospitalization. The father of her three children was violent towards her, pulled out a knife on the children, charged with domestic violence, does not

4

offer assistance and has not seen the children in six years. Maribel Santana – Cerano is the sole caretaker of her 13 – year old daughter.

(5) Maribel Santana – Cerano's mother is 83 years old and is dependent upon Maribel Santana-Cerano for housing, and all of her other needs.

(6) Maribel Santana – Cerano was recently diagnosed with a buildup of fluid in on the brain, which is Hydrocephalus and can be fatal. Maribel Santana – Cerano is awaiting a doctor's appointment with a specialist to determine the severity.

(7) Maribel Santana – Cerano is a stable, loving mother and despite her present circumstance has continued to work and support her family. She has never been in trouble with law enforcement and has a clear criminal history. She has the support of her eldest daughter and son.

## VI.

## OBJECTION NUMBER 6

## (Substantive Unreasonableness)

Defendant asserts that given her age, criminal history, role in the crime, and the totality of circumstances the guideline recommended sentence in the PSR is substantively unreasonable. Gall v. United States, 552 U.S. 38, 49 (2007).

Respectfully submitted,

THE WILLOUGHBY LAW FIRM, LLC

By: ____/S/ Joshua R. Willoughby
Joshua R. Willoughby
Texas Bar Number: 24058762
4200 Montrose Blvd, Suite 540
Houston, Texas  77006
Telephone: (713) 222 – 1356
Facsimile:  (713) 277 – 7166

5

attorneyjrw@gmail.com
ATTORNEY FOR MARIBEL SANTANA CERANO

## CERTIFICATE OF SERVICE

I, JOSHUA R. WILLOUGHBY, certify that on, February 16, 2021, a true and correct copy of the foregoing *Objections to Presentence Investigation Report* has been served upon the following:

**SERVED UPON**  **METHOD**

STEVEN T. SCHAMMEL  VIA EMAIL
U S Attorney's Office
Office of the U S Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567 – 9000
Email: Steven.Schammel@usdoj.gov

By: */S/ JOSHUA R WILLOUGHBY*